IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICK CRUZ-MANJARREZ,

    Plaintiff,

v.

CITY OF PORTLAND; PORTLAND
POLICE BUREAU; OFFICER GORE;
OFFICER PRESTON; OFFICER JONES;
OFFICER POOL; OFFICER BAXTER;
DETECTIVE HALLIBURTON;
and K-9 DOG DENY,

    Defendants.

Civil No. 04-1811-AS

FINDINGS AND RECOMMENDATION

    RICK CRUZ-MANJARREZ
    SID No. 7773603
    Columbia River Correctional
    Institution
    9111 NE Sunderland Avenue
    Portland, OR  97211

    J. SCOTT MOEDE
    Deputy City Attorney
    Office of City Attorney
    1211 SW Fourth Ave, Room 430
    Portland, OR  97204

        Attorney for Defendants

1 - FINDINGS AND RECOMMENDATION -

ASHMANSKAS, Magistrate Judge.

Plaintiff, an inmate at the Columbia River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the court are Defendants' Rule 12 Motions (#11 and #14).[1] For the following reasons, Defendants' motions should be GRANTED.

## BACKGROUND

Plaintiff alleges he was beaten by the individual Officers named as Defendants herein, that he was bitten by K-9 Deny at the behest of individual Officers, and that Defendant Halliburton refused to loosen Plaintiff's handcuffs after the beating incident. Plaintiff alleges Defendants subjected him to excessive force in violation of the Fourth and Eighth Amendments, and violated his due process and equal protection rights under the Fourteenth Amendment.

Defendants move to dismiss Plaintiff's complaint in part. Defendants seek an order:

1. Dismissing the complaint against the "Portland Police Bureau;"

---

[1] Defendants City of Portland, Portland Police Bureau, Officer Jones, Officer Pool, Officer Baxter, Detective Halliburton, and K-9 Deny filed the initial motion (#11) on March 9, 2005. Defendants Officers Preston and Gore were subsequently served with the summons and complaint, and filed a separate motion (#14) on March 18, 2005. The two motions are identical, and for the purposes of brevity will be referred to hereafter in the singular "motion."

2 - FINDINGS AND RECOMMENDATION -

2. Dismissing the complaint against Defendant K-9 Deny;

3. Dismissing Plaintiff's Eighth Amendment claim of excessive force; and

4. Dismissing Plaintiff's Fourteenth Amendment equal protection claim.

## LEGAL STANDARDS

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-

Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

## **DISCUSSION**

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Lopez v. Department of Health Services, 939 F.2d 881, 883 (9th Cir. 1991); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

## I. Municipal Liability

It is well settled that liability under 42 U.S.C. § 1983 cannot be premised upon the mere fact that a municipality employed the offending individuals. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 691-94 (1978). "Municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, 'that is, acts which the municipality has officially sanctioned or ordered.'" Eqgar v. City of Livingston, 40 F.3d 312, 314 (9th Cir. 1994) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988)), cert. denied, 515 U.S. 1136 (1995).

Plaintiff's allegations cannot reasonably be construed to involve an alleged official policy or custom. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388-90 (1989); Monell, 436 U.S. at 690-91. Accordingly, the complaint fails to state a claim against the City of Portland or Portland Police Bureau upon which relief may be granted under 42 U.S.C. § 1983. Because this deficiency could possibly cured, the dismissal of Plaintiff's claims against the City of Portland and Portland Police Bureau should be dismissed without prejudice, and Plaintiff should be granted leave to file an amended complaint.

**II. K-9 Deny**

A police dog is not a "person" subject to liability under § 1983.  <u>Dye v. Wargo</u>, 253 F.3d 296, 300 (7th Cir. 2001).  Accordingly, Plaintiff's complaint fails to state a claim against defendant K-9 Deny upon which relief may be granted by this court, and his claims against this Defendant must be dismissed.  Because it is clear that the deficiencies of Plaintiff's claims against Defendant K-9 Deny cannot be cured by amendment, the dismissal should be with prejudice.

**III. Eighth Amendment Cruel and Unusual Punishment**

The Eighth Amendment prohibition against cruel and unusual punishment sets the standard for an excessive force claim for convicted prisoners, whereas the Fourth Amendment controls if the plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest.  See <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989) (claims that law enforcement officers have used excessive force in the course of an arrest should be analyzed under the Fourth Amendment and its "reasonableness" standard).

Plaintiff's complaint alleges excessive force in the course of an arrest.  Accordingly, he fails to state a claim upon which relief may be granted under the Eighth Amendment Cruel and Unusual

Punishment Clause. Because the deficiencies of this claim cannot be cured by amendment, the dismissal should be with prejudice.

## IV. Fourteenth Amendment Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). A plaintiff alleging denial of equal protection under § 1983 must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. See Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

Plaintiff's does not allege intentional unlawful discrimination or facts susceptible of discriminatory intent. Accordingly, Plaintiff fails to state an equal protection claim upon which relief may be granted. Because this deficiency could possibly be cured by amendment, the claim should be dismissed without prejudice, and Plaintiff should be granted leave to file an amended complaint.

## RECOMMENDATION

Based on the foregoing, Defendants' motion to dismiss (#11 and #14) should be GRANTED, and Plaintiff's Complaint should be DISMISSED IN PART. Because the deficiencies cannot be cured by amendment, Plaintiff's claims against K-9 Deny and Plaintiff's Eighth Amendment claims against all Defendants should be DISMISSED WITH PREJUDICE. Plaintiff's claims against Defendants City of Portland and Portland Police Bureau, and Plaintiff's Fourteenth Amendment equal protection claims against the remaining Defendants should be DISMISSED WITHOUT PREJUDICE. Plaintiff should be given the opportunity to file an amended complaint curing the deficiencies of these claims.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 3, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement that date.

DATED this  13th  day of May, 2005.

    /s/Donald C. Ashmanskas
    Donald C. Ashmanskas
    United States Magistrate Judge