IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICK CRUZ-MANJARREZ,                        04-CV-1811-AS

        Plaintiff,                         ORDER

v.

CITY OF PORTLAND, OFFICER
GORE, OFFICER PRESTON, OFFICER
JONES, OFFICER POOL, OFFICER
BAXTER, and DETECTIVE
HALLIBURTON

        Defendants.


**RICK CRUZ-MANJARREZ**
13787 SW Farmington Rd.
#178
Beaverton, OR 97005

      Plaintiff*, Pro Se*

**LINDA MENG**
City Attorney
**J. SCOTT MOEDE**
Deputy City Attorney
1221 S.W. Fourth Avenue
Room 430
Portland, OR 97204
(503) 823-4047

    Attorneys for Defendants

1 - ORDER

**BROWN, Judge.**

Magistrate Judge Donald Ashmanskas issued Findings and Recommendation (#70) on October 4, 2006, in which he recommended the Court grant Defendants' Motion for Summary Judgment (#43) and dismiss this matter.  Plaintiff filed timely objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).

This Court has reviewed the pertinent portions of the record *de novo*.  Based on the foregoing, the Court adopts that portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court grant Defendants' Motion for Summary Judgment as to claims against Officers Preston, Jones, Pool, and Baxter and Detective Halliburton.[1]  The Court also adopts that portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court grant Defendants' Motion

---

[1] The Court dismissed Plaintiff's § 1983 claims against the City of Portland and all of Plaintiff's claims against the Portland Police Department on December 1, 2005.

2 - ORDER

for Summary Judgment as to Plaintiff's claims against Officer
Gore for excessive force, assault and battery, and intentional
infliction of emotional distress related to use of the escort
grip.

With respect to Plaintiff's claim against Officer Gore for
excessive force by use of a police dog during Plaintiff's arrest,
the Court notes the Ninth Circuit recently modified the
definition of deadly force to be relied on when evaluating
excessive-force claims. *See Smith v. City of Hemet*, 394 F.3d
689, 705 (9th Cir. 2005).

In *Smith*, the plaintiff alleged the defendants, officers of
the City of Hemet police force, used deadly force against him
during his arrest by ordering a police dog to attack the
plaintiff. *Id*. at 704. The Ninth Circuit reviewed its past
decisions on deadly force and modified its definition to include
force likely to kill or to result in serious bodily injury. *Id*.
at 705. Accordingly, the Ninth Circuit reversed the district
court's grant of summary judgment to the defendants on the issue
of excessive force, remanded the matter to the district court,
and noted:

> We need not here determine whether the use of a
> police dog to subdue a suspect constitutes deadly
> force generally or the circumstances under which
> such use might constitute such force. Having
> announced the definition of "deadly force" we
> leave to the district court the first opportunity
> to apply the concept to the facts of this case.
> We note only that while we have not in any of our

> prior cases found that the use of police dogs
> constituted deadly force, we have never stated
> that the use of such dogs cannot constitute such
> force. *Cf. Robinette v. Barnes*, 854 F.2d 909, 913
> (6th Cir. 1988) (although failing to find that the
> police dog in that case constituted deadly force,
> the court stated that "an officer's intent in
> using a police dog, or the use of an improperly
> trained dog, could transform the use of the dog
> into deadly force"). *Compare Kuha*, 365 F.3d at
> 598 n. 3 ("[T]he use of a properly trained police
> dog in the course of apprehending a suspect does
> not constitute deadly force").

*Id*. at 707. The court included the following comment in a

footnote after its explanation that it had not found the use of

police dogs to constitute deadly force:  "Of course, we have

heretofore applied the unduly stringent *Vera Cruz* test [that

previously set out the definition of deadly force] which we

overrule today." *Id*. at 707 n.9.

    Although Officer Gore did not raise the issue as to whether

the use of a police dog in this case constituted deadly force

under *Smith*, Plaintiff raised the issue in his Objections, albeit

without citation to *Smith* or any other case.  The Magistrate

Judge's analysis of Plaintiff's excessive-force claim against

Officer Gore and his use of a police dog, therefore, did not

include consideration of deadly-force standards under *Smith*.

    After a *de novo* review of the pertinent evidence, the Court

concludes whether the use of a police dog constitutes the use of

deadly force in this case is of sufficient importance in light of

the disputed issues of fact related to the use of the dog that

4 - ORDER

the parties should be given the opportunity to address and to
develop that issue before the Magistrate Judge.

In addition, insofar as Plaintiff's claims for assault and
battery and intentional infliction of emotional distress against
Officer Gore and the City of Portland arise from the use of a
police dog and the resulting degree of force, the parties should
be given the opportunity to address those claims before the
Magistrate Judge.

Moreover, because the events here took place before *Smith*,
Officer Gore may be entitled to qualified immunity with respect
to Plaintiff's excessive-force claim relating to the use of a
police dog.  Thus, the issue of qualified immunity may also need
to be addressed if the Magistrate Judge finds the use of the
police dog constitutes excessive force under *Smith.*

Finally, Plaintiff's claims against the City of Portland
under the Eighth and Fourteenth Amendments were dismissed on
July 28, 2005.  Any other claims brought by Plaintiff against the
City of Portland require resolution.

Accordingly, the Court does not adopt that portion of the
Findings and Recommendation in which the Magistrate Judge
recommended the Court grant Defendants' Motion for Summary
Judgment as to Plaintiff's claims against Officer Gore for
excessive force related to the use of a police dog and against
Officer Gore and the City of Portland for assault and battery and

5 - ORDER

intentional infliction of emotional distress, but only to the
extent these state-law claims arise from the use of the police
dog.  The Court, therefore, denies Defendants' Motion as to these
issues.


<u>**CONCLUSION**</u>

In summary, the Court **ADOPTS** that portion of Magistrate
Judge Ashmanskas's Findings and Recommendation (#70) in which he
recommends the Court grant Defendants' Motion for Summary
Judgment (#43) as to all of Plaintiff's claims against Officers
Preston, Jones, Pool, and Baxter and Detective Halliburton and
**DISMISSES** those claims with prejudice.

The Court also **ADOPTS** that portion of the Findings and
Recommendation in which the Magistrate Judge recommends the Court
grant Defendants' Motion for Summary Judgment as to Plaintiff's
claims against Defendant Gore for excessive force, assault and
battery, and intentional infliction of emotional distress related
to use of the escort grip and **DISMISSES** those claims with
prejudice.

The Court **DOES NOT ADOPT** that portion of the Findings and
Recommendation in which the Magistrate Judge recommended the
Court grant Defendants' Motion for Summary Judgment as to
Plaintiff's claims against Officer Gore for excessive force
related to the use of a police dog, and against Officer Gore and

6 - ORDER

the City of Portland for assault and battery and intentional infliction of emotional distress, but only to the extent these state-law claims arise from the use of the police dog.

IT IS SO ORDERED.

DATED this 12th day of January, 2007.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

7 - ORDER